UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARNELL M. MCCREARY,

Petitioner,

v.

CASE NO. 2:26-CV-12038
HON. SUSAN K. DeCLERCQ

ERIC RARDIN,

Respondent.
_________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS**

Federal pretrial detainee Carnell M. McCreary, confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. ' 2241. ECF No. 1. Because McCreary is not entitled to the relief that he seeks, this Court will summarily dismiss the petition.

## I. BACKGROUND

McCreary is currently confined at the Federal Correctional Institution in Milan, Michigan. In his petition, he challenges his ongoing federal criminal prosecution in *United States v. McCreary*, No. 26-cr-20326 (E.D. Mich. Goldsmith, J.), in which he is charged with unlawful transport of firearms in violation of 18 U.S.C. ' 922. While his habeas petition is somewhat difficult to follow, he appears to be raising claims concerning

the use of hearsay and the validity of the criminal complaint, the constitutionality of the criminal statute, the federal court's jurisdiction, the legality of a search warrant, and conspiracy. He asserts that his due process and equal protection rights are being violated. ECF No. 1.

## II. LEGAL STANDARD

Promptly after the filing of a habeas case, this Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING ' 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, this Court determines that the petitioner is not entitled to relief, it must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (imposing a duty on district courts to "screen out" petitions that lack merit on their face); *Switek v. Michigan*, 587 F. Supp. 3d 622, 624 (E.D. Mich. 2021) (same); Rule 4, RULES GOVERNING § 2254 CASES.

## III. DISCUSSION

A federal pretrial detainee generally may not challenge a pending federal prosecution through a petition for a writ of habeas corpus.[1] *See Jones v. Perkins*, 245

[1]The same is true of a state pretrial detainee, who may bring a federal habeas action to demand a speedy trial, but not to forestall state prosecution altogether. *See Braden v. 30th*

U.S. 390, 391 (1981) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial."). This is primarily because "principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Hargrove v. Howes*, No. 05-CV-73839, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) (citing *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D. N.C. 2001)). Especially where a federal pretrial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted before the trial court and on direct appeal—or possibly collateral review—before habeas relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557, 557-558 (6th Cir. 2001) (dismissing a habeas petition filed while criminal charges were pending against the petitioner because the petitioner had to exhaust his remedies at trial first); *Carpenter v. Rardin*, No. 2:25-cv-12861, 2025 WL 2691101, *3 (E.D. Mich. Sept. 18, 2025) (dismissing premature habeas petition).

---

*Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-491 (1973). Although 28 U.S.C. § 2241 establishes federal court jurisdiction to consider pretrial habeas petitions, courts abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures. *See Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

McCreary has previously filed a similar habeas petition challenging his ongoing federal criminal case, which the Court dismissed without prejudice. *See McCreary v. Rardin*, No. 2:26-CV-11933, 2026 WL 1967046, *2 (E.D. Mich. July 7, 2026). His circumstances have not changed since that ruling. McCreary remains a federal pretrial detainee and his criminal charges are still pending before Judge Goldsmith. His habeas petition thus remains an inappropriate remedy for the claims that he raises. *See Hargrove*, 2005 WL 3021966 at *1.

Additionally, because McCreary's habeas claims, if proven, could be dispositive of his pending federal criminal charges, he must exhaust those claims before the trial court, as well as on direct appeal, before seeking federal habeas relief. *See Sandles*, 22 F. App'x at 557. "It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution." *Carpenter*, 2025 WL 2691101 at *2 (citing *Jones*, 245 U.S. at 391). Therefore, McCreary cannot proceed with his petition at this time, and the Court will summarily dismiss his petition without prejudice.

## IV. CONCLUSION

The Court concludes that McCreary cannot proceed on his habeas claims at this time. Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No.

1, is **DISMISSED WITHOUT PREJUDICE**.[2]

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 19, 2026

[2]The Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, McCreary need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.